IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : CRIM. NO. 06-376 |
| | : |
| | : |
| BRUCE MCDOWELL, | : |
| Defendant. | : |

## MEMORANDUM AND ORDER

Tucker, J.                                                                                                   December /6 , 2008

Defendant Bruce McDowell ("Defendant") is serving a 151 month term of imprisonment for offenses involving the possession and distribution of crack cocaine. Presently before the Court is Defendant's *pro se* Petition and Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 43). For the reasons set forth below, the Defendant's Motion will be denied.

**I. Facts**

*A. McDowell's Sentence*

On July 26, 2006, Defendant was indicted for: (1) one count of intent to distribute five (5) grams or more of cocaine base ("crack"), in violation of *21 U.S.C. § 841(a)(1)*; (2) one count of possession with intent to distribute cocaine; and (3) one count of felon-in-possession of a firearm, in violation of *18 U.S.C. § 922(g)*. On December 4, 2006, Defendant plead guilty to all three charged counts.

Pursuant to *§ 2D1.1 of the United States Sentencing Guidelines* ("U.S.S.G." or "Guidelines"), Defendant's offense level for the first two counts was a 26. This offense level

was increased two levels under the Guidelines because Defendant possessed two firearms. However, because of his past criminal history Defendant was found to be a career offender, which automatically increased his offense level to a 34. *See U.S.S.G. § 4B1.* The Court deducted three points from Defendant's offense level for timely acceptance of responsibility, bringing Defendant's total offense level down to 31. Defendant's criminal history category was calculated at IV, but because of his career offender status Defendant's criminal history category automatically increased to VI. *See id.* With a total offense level of 31 and a criminal history category of VI, Defendant's resulting Guideline range was 188 to 235 months. On April 26, 2007, the Court held a sentencing hearing at which Defendant moved for a downward departure of his sentence on the basis that his criminal history score over-represented the seriousness of his actual criminal history. The Court granted Defendant's motion, finding that Defendant should be sentenced as a criminal history category IV, which carried a Guideline range of 151 to 188 months. The Court sentenced Defendant to 151 months, which represented a sentence at the low end of the Guideline range.

*B. Amendments to the Sentencing Guidelines*

Since Defendant's sentencing, the Sentencing Commission has adopted Amendment 706, which altered *§ 2D1.1* to account for unwarranted disparities in the sentences of defendants possessing or distributing various forms of cocaine by reducing the sentencing ranges applicable to crack cocaine offenses. *See U.S.S.G. Supp. to App'x C, Amend. 706.* This Amendment retroactively reduced the base offense level for most crack cocaine offenses under *§ 2D1.1* by two levels. *See id.* at 1160.

2

## II. Standard of Review

"Generally, a district court may not alter a term of imprisonment once it has been imposed." *U.S. v. Wise*, 515 F.3d 207, 220 (3d Cir. 2008); *18 U.S.C. § 3582(c)* (2008). A district court may, however, modify a defendant's sentence if the sentence was based on a range that is later reduced by the Sentencing Commission. *See 18 U.S.C. § 3582(c)(2)*. *§ 3582(c)(2)* sets forth limited exceptions to the general prohibition on modifying criminal sentences and, therefore, limits the Court's jurisdiction to modify sentences except as set forth in the statute. *See United States v. Higgs*, 504 F.3d 456, 464 (3d Cir. 2007). Accordingly, in order to be eligible for a sentence reduction under § 3582, a defendant's sentence must have been "based on" a sentencing range that is later is later reduced by the Commission, and must be consistent with the Commission's policy statement. *Id.*

The Commission's policy statement explains that a reduction in sentence "is not consistent with this policy statement if.... (ii) an amendment is applicable to the defendant but the amendment does not have the affect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." *U.S.S.G. § 1B1.10(a)*. Hence, where a defendant was sentenced under a Guideline range that has not subsequently been reduced by the Amendment, *§ 3582* does not apply and the defendant is not eligible for a reduction in sentence.

## III. Discussion

*A. McDowell's Status as a Career Offender*

Defendant is not eligible for a sentence reduction under *§ 3582* because Defendant's

3

sentence was not "based on" a Guideline range that was later reduced by the Commission. Specifically, Defendant's Guideline range was not based on *§ 2D1.1* relating to offenses involving crack cocaine. Instead, the Court based Defendant's Guideline range on his status as a career offender, in light of: Defendant's adult status at the time of conviction; the offenses for which Defendant was being sentenced were felonies and involved controlled substances; and Defendant's prior convictions for qualifying offenses. *U.S.S.G. § 4B1.1(a)*. Thus, Defendant is ineligible for a reduction because he was sentenced under the career offender Guidelines of *§ 4B1*, not under the crack cocaine Guidelines of *§ 2D1.1*.[1] *See U.S. v. Rivera*, 535 F. Supp. 2d 527, 529-30 (E.D. Pa. 2008).

Moreover, Defendant would have met the criteria for career offender status under *§ 4B1*, regardless of the changes to *§ 2D1.1*. *Id.* at 530. The Amendment to 706 has no effect on Defendant's sentencing range, since he was sentenced as a career offender, not under *§ 2D1.1* and Defendant, therefore, was not sentenced "based on" a sentencing range that was later reduced by the Commission. *Id.* Furthermore, not only does Amendment 706 not effect Defendant's career offender status, it similarly has no effect on the sentencing range applicable to him. Specifically, as a career offender, Defendant's offenses carried an offense level of 34. *U.S.S.G. §*

---

[1] The Court granted Defendant a downward departure from a criminal history level of VI to IV because the Court found that the Guideline range applicable to Defendant overrepresented the seriousness of the Defendant's criminal history. This fact, however, does not mean Defendant's sentence was "based on" the Guideline range of *§ 2D1.1*. While the downward departure might suggest that the Court *looked* to *§ 2D1.1*, that is a far cry from the Court actually *basing* Defendant's sentence on *§ 2D1.1*. Indeed, a sentence is not "based on" *§ 2D1.1* if the defendant was not "actually sentenced" under that Guideline range. *United States v. Poindexter*, 550 F. Supp. 2d 578, 580-81 (E.D. Pa. 2008) (quoting *United States v. Biami*, 548 F. Supp. 2d 661, 664 (E.D. Wisc. 2008)). In Defendant's case, the Court explicitly sentenced him under *§ 4B1* because of his career offender status. As such, Defendant's sentence was not based in any way on the amount of crack cocaine attributable to him, which would provide the basis upon which a sentence becomes "based on" *§ 2D1.1*.

*4B1.1(b)(A)*. Defendant's criminal history category was VI. *U.S.S.G. § 4B1.1(b)*. Defendant received a three-level reduction for acceptance of responsibility, bringing his total offense level to 31, and a two-level reduction in his criminal history category, bringing it down to a level IV. The Sentencing Table provides that the sentencing range for offense level 31 and criminal history category IV is 151 to 188 months. *U.S.S.G. § 5A*. Hence, none of the provisions relevant to calculating Defendant's sentence were affected by Amendment 706. Thus, the Court's conclusion is in line with the Commission's directive stating that a reduction in sentence is only warranted where an Amendment has the effect of actually lowering the defendant's sentencing range. See *U.S.S.G. § 1B1.10, Application Note 1(A)*.

    B. United States v. Booker *Does Not Provide the Court with Authority to Re-sentence Defendant*

    Defendant further contends that the Court has the authority to reduce his sentence in spite of the Commission's directives because *§ 1B1.10* has effectively become advisory following *United States v. Booker*, in which the Supreme Court held that the Guidelines were advisory only. 543 U.S. 220 (2005). With regards to Defendant's *Booker* argument, however, the Third Circuit has explicitly stated that "[n]othing in that decision purported to obviate the congressional directive on whether a sentence could be reduced based on subsequent changes in the Guidelines....'[t]he language of the applicable sections could not be clearer: the statute directs the Court to the policy statement, and the policy statement provides that an amendment not listed in *subsection (c)* may not be applied retroactively pursuant to *18 U.S.C. § 3582(c)(2)*.'" *Wise*, 515 F.3d at 221. Hence, while the Guidelines themselves are advisory, Congress' directive that sentences are final unless a reduction is consistent with the Guidelines policy statements remain

5

mandatory. Thus, the directives of the Commission are still clearly binding on this Court, notwithstanding *Booker*. *Id.*

### C. The Court has Already Exercised Leniency in Sentencing Defendant

Finally, Defendant asserts that the rule of lenity should afford him relief under the circumstances. Defendant's argument is without merit, however, because the rule of lenity does not apply where, as here, "the language of the statute is clear...[because] the text of the statute is the end of the matter." *Steele v. Blackman*, 236 F.3d 130, 133. Furthermore, even if this Court had the authority to reduce Defendant's sentence, as being consistent with an applicable policy statement of the Commission, it would exercise its discretion against doing so. The Court already exercised leniency at Defendant's sentencing hearing by granting his motion to reduce his criminal history score from a category VI to a category IV, and sentenced Defendant to the very bottom of the Guideline range.

## Conclusion

Because Defendant was sentenced under the career offender Guidelines of *§ 4B1*, not under *§ 2D1.1*, his sentence was not "based on" a section that was later reduced by the Commission. As such, this Court has no statutory authority to reduce Defendant's sentence and his motion is, therefore, denied.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRUCE MCDOWELL,
    Petitioner,

  v.

UNITED STATES OF AMERICA,
    Respondent.

: CIVIL ACTION
:
: NO. 06-376

## ORDER

AND NOW, this 16th day of December 2008, upon consideration of the Defendant's *pro se* Petition and Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 43), and the Government's Response thereto (Doc. 51), **IT IS HEREBY ORDERED AND DECREED** that Defendant's Motion is **DENIED**.

BY THE COURT:

*/s/ Petrese B. Tucker*
**Hon. Petrese B. Tucker, U.S.D.J.**